IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN GRAY,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | **ORDER ADOPTING RECOMMENDATION**<br><br>Case No. 2:24-cv-00143-AMA-DAO<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Daphne A. Oberg on January 20, 2025, recommending the Court grant in part and deny in part Defendant Trader Joe's Company's Motion to Dismiss.[1] The parties were notified of their right to file objections to the Report and Recommendation within fourteen days of service.[2] Plaintiff Steven Gray filed a timely objection.[3] "De novo review is required after a party makes timely written objections to a magistrate's report." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In response to the Court's request, Defendant filed a response to Plaintiff's objection.[4]

In his objection, Plaintiff expressly disclaims any challenge to the Magistrate Judge's Report and Recommendation insofar as it addresses the purported timeliness issues related to his

---

[1] R. & R., ECF No. 29.
[2] *See id.* at 14
[3] ECF No. 30.
[4] ECF No. 32.

EEOC Complaint and his retaliation claim. Rather, his challenge is to the portion of the Report and Recommendation dealing with his age and gender discrimination claims. Thus, the Court reviews the portions of the Report and Recommendation Plaintiff challenges de novo.

### I.  Age Discrimination Claim

First, as to Plaintiff's claim under the Age Discrimination in Employment Act ("ADEA"), the Court agrees entirely with the Magistrate Judge's conclusions. Plaintiff's Complaint does not contain any description of age discrimination beyond a marked checkbox and Plaintiff's year of birth. It does not set forth, nor appear to attempt to set forth, any facts, or even conclusions, related to age discrimination.[5]

### II.  Title VII Gender Discrimination Claim

Next, in addressing Plaintiff's Title VII gender-discrimination claim, the Magistrate Judge concluded that Mr. Gray failed to allege facts sufficient to show any adverse action occurred "under circumstances giving rise to an inference of discrimination" and noted that Mr. Gray did not provide facts showing preferential treatment of comparators or gender-biased comments.[6] Yet, one week after the Magistrate Judge filed the Report and Recommendation in this case, the Tenth Circuit clarified that, in certain circumstances, a plaintiff can establish an inference of discrimination by meeting the elements of *McDonnell Douglas*, without offering comparator evidence or establishing sexist conduct occurred "in close proximity" to termination.

---

[5] Additionally, the causation standard in ADEA claims differs from Title VII claims. *See* ECF No. 32 at 5. Among other things, this means Plaintiff, at minimum, was required to allege sufficient facts to show "his position was filled by a younger person." *Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1081 (10th Cir. 2023).
[6] ECF No. 29 at 8.

*See Walkingstick Dixon v. Oklahoma ex rel. Reg'l Univ. Sys. of Oklahoma Bd. of Regents*, 125 F.4th 1321, 1335 (10th Cir. 2025). Given this development, the Court ordered Defendant to respond to Plaintiff's Objection and, in doing so, address *Walkingstick*. Defendant filed a thorough response to the Objection.[7]

As Defendant points out, the Magistrate Judge's recommendation regarding Plaintiff's Title VII gender-discrimination claim should be adopted because Plaintiff's claims lack the "backdrop of historical workplace discrimination" or other "background circumstances that support an inference" of reverse discrimination. In *Walkingstick*, the Tenth Circuit stated the *McDonnell Douglas* factors can only be invoked to establish a prima facie case "[w]hen viewed against a backdrop of historical workplace discrimination." 125 F.4th at 1335. The plaintiff in *Walkingstick* was a Native American woman. Here, Plaintiff asserts Trader Joe's discriminated against him because he is a man, which constitutes so-called reverse discrimination.

"[A] plaintiff alleging reverse discrimination 'must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority.'" *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (quoting *Notari v. Denver Water Dep't,* 971 F.2d 585 (10th Cir.1992)). "Alternatively, a plaintiff may produce facts 'sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.'" *Id.* Plaintiff has not alleged facts sufficient to make either showing here.[8] As the Magistrate Judge pointed out, Plaintiff offers the conclusion that

---

[7] ECF No. 32.
[8] As Defendant points out, Plaintiff attempts to raise new facts in his Objection. The Court cannot properly consider factual material outside the Complaint at this stage of the proceedings.

3

Defendants' actions or inactions "were based upon [g]ender." Aside from that, Plaintiff only mentions gender when reciting two workplace complaints he made against female colleagues or supervisors. These facts are not sufficient for Plaintiff to meet the burden described in *Argo*.

Accordingly, based on the foregoing, the Court overrules Plaintiff's Objection and adopts the Report and Recommendation, finding that Plaintiff has failed to state a claim for age discrimination under the ADEA and gender discrimination under Title VII.

## ORDER

Based on the foregoing, the Court ADOPTS the Report and Recommendation (ECF No. 29) and DISMISSES Plaintiff's age discrimination claim under the ADEA and his gender discrimination claim under Title VII. Plaintiff's Title VII retaliation claim remains pending.

DATED this 18th day of March 2025.

Ann Marie McIff Allen
United States District Judge

---

*See, e.g.*, Rule 12(d); *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) ("[o]n a Rule 12(b)(6) motion, a court's factual inquiry is limited to the well-pleaded facts in the complaint").