UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STEVEN GRAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 25)**<br><br>Case No. 2:24-cv-00143<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

　　Plaintiff Steven Gray filed this action without an attorney and without paying the filing fee, asserting claims of discrimination and retaliation against his former employer.[1] Mr. Gray previously filed a motion for appointment of counsel,[2] which was denied because he gave no reason for his request.[3] Mr. Gray has now filed a second motion for appointment of counsel.[4] Because the applicable factors do not support an appointment of counsel under the circumstances presented here, the motion is denied.

---

[1] (*See* Compl., Doc. No. 5.)

[2] (Doc. No. 22.)

[3] (*See* Doc. No. 23.)

[4] ("Mot.," Doc. No. 25.)

While defendants in criminal cases have a constitutional right to representation by an attorney,[5] "[t]here is no constitutional right to appointed counsel in a civil case."[6] Appointment of counsel in civil cases is left to the court's discretion.[7] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[8]

Mr. Gray argues he needs counsel because he "does not have the experience necessary to respond with regard to court procedures and conduct in the courtroom," and is overwhelmed by the federal and local rules.[9] Mr. Gray also asserts this case and its outcome are of significant public interest, and he describes the underlying events supporting his claims.[10]

---

[5] See U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[6] Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989).

[7] Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994).

[8] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[9] (Mot. 2, Doc. No. 25.)

[10] (Id. at 2–6.)

As an initial matter, Mr. Gray's unfamiliarity with court rules and procedures is true of most unrepresented litigants and is not a sufficient reason, on its own, to justify appointment of counsel in a civil case. Considering the applicable factors, appointment of counsel is unwarranted. Mr. Gray's discrimination claims have been dismissed,[11] and it is not yet clear if Mr. Gray's remaining retaliation claim is meritorious. Further, the factual and legal issues raised in Mr. Gray's complaint do not appear unusually complex—nor does this case involve matters of particularly significant public interest (though it is understandably significant to Mr. Gray). Finally, based on a review of the complaint and Mr. Gray's other filings in this case, Mr. Gray appears capable of presenting his claim. For all these reasons, Mr. Gray has not demonstrated appointment of counsel is warranted.

Accordingly, Mr. Gray's second motion for appointment of counsel[12] is denied.

DATED this 20th day of March, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[11] (*See* Doc. No. 33.)

[12] (Doc. No. 25.)