UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STEVEN GRAY,<br><br>    Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. NO. 39)**<br><br>Case No. 2:24-cv-00143<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

    Steven Gray, proceeding without an attorney, filed this action against his former employer, Trader Joe's Company, alleging gender discrimination and retaliation under Title VII of the Civil Rights Act[1] and age discrimination under the Age Discrimination in Employment Act[2] (ADEA).[3] Trader Joe's filed a motion to dismiss which the court granted in part, dismissing Mr. Gray's gender and age discrimination claims without prejudice for failure to state a claim under Rule 12(b)(6).[4]

    Mr. Gray now moves to amend his complaint to reassert discrimination claims, supported by new factual allegations.[5] Mr. Gray explains he submitted his original

---

[1] 42 U.S.C. §§ 2000e, et seq.

[2] 29 U.S.C. §§ 621, et seq.

[3] (*See* Compl., Doc. No. 5).

[4] (*See* Order Adopting Recommendation, Doc. No. 33); Fed. R. Civ. P. 12(b)(6).

[5] (Pl.'s Mot. for Leave to Am. Compl., Doc. No. 39.)

complaint using a short "fill-in-the-blanks" form provided by the clerk's office, and he did not understand the level of detail expected.[6]  Trader Joe's opposes the motion to amend solely on grounds of futility, arguing the proposed amended complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim and/or failure to timely exhaust administrative remedies.[7]

Because Trader Joe's arguments are more appropriately addressed in the context of a motion to dismiss, and there is no other basis to deny leave to amend, Mr. Gray's motion to amend is granted.  Mr. Gray must file his amended complaint by **May 9, 2025**.

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[8]  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[9]  Rule 15 instructs courts to "freely give leave when justice so requires."[10]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue

---

[6] (*Id.* at 1–2.)

[7] (Def.'s Opp'n to Pl.'s Mot. for Leave to Am. Compl., Doc. No. 40.)

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[10] Fed. R. Civ. P. 15(a)(2).

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[11] Prejudice to the opposing party is the most important factor in deciding whether to allow leave to amend.[12]

Although futility alone is a sufficient basis to deny leave to amend,[13] courts may decline to conduct a futility analysis in the context of a motion to amend if the arguments would be more properly addressed in dispositive motions.[14] Particularly where futility arguments duplicate arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse."[15] "Rather than force a Rule 12(b)(6) motion into a

---

[11] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

[12] *Minter*, 451 F.3d at 1207.

[13] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[14] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

[15] *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished) (citation omitted), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[16]

## ANALYSIS

Trader Joe's' futility arguments would be more appropriately addressed in a motion to dismiss.  As an initial matter, Trader Joe's filed an overlength, nineteen-page opposition (without seeking leave), even though the local rules limit oppositions of this type to ten pages (or 3,100 words).[17]  And the local rules give Mr. Gray only fourteen days to file a reply, which is limited to ten pages.[18]  On the other hand, the rules permit a Rule 12(b) motion to dismiss to be up to twenty-five pages, with a twenty-eight-day deadline to file a response of equivalent length.[19]  Moreover, all the arguments in Trader Joe's opposition could be raised in a Rule 12(b) motion—and would be more appropriately addressed in that context, with full briefing.  In other words, Trader Joe's is forcing a Rule 12(b) motion into a Rule 15(a) opposition brief.

Further, Trader Joe's does not allege any undue delay, bad faith, or dilatory motive by Mr. Gray, nor does it assert it would suffer undue prejudice if the amendment were allowed.  Mr. Gray moved to amend less than a month after the court's dismissal

---

[16] *Id.* (citation omitted)

[17] *See* DUCivR 7-1(a)(4)(D)(i) (limiting responses to "all other motions" to ten pages or 3,100 words).

[18] *See* DUCivR 7-1(a)(4)(D)(i), (iii).

[19] DUCivR 7-1(a)(4)(A) (providing page limits and briefing deadlines for Rule 12(b) motions).

order, and before entry of a scheduling order setting a deadline for amendment. This is Mr. Gray's first amendment, and the case is still in its initial stages. None of the other factors justifying denial of leave to amend are present here.

For these reasons, the court declines to engage in a futility analysis at this stage. Because Trader Joe's does not assert any other grounds to deny leave to amend, justice requires permitting Mr. Gray to amend his complaint.

## CONCLUSION

Mr. Gray's motion for leave to amend[20] is granted. Mr. Gray must file his amended complaint (in the form found in the attachments to his motion) by **May 9, 2025**. Once filed on the docket, Mr. Gray's amended complaint will be the operative pleading in this case.

DATED this 25th day of April, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[20] (Doc. No. 39.)